ALEXANDER W. KENT, Plaintiff

v.

GOVERNMENT OF GUAM, Defendant

Civil No. 795-76
Superior Court of Guam
March 6, 1980

RAKER, Judge

## DECISION

This is a complaint filed on September 17, 1976, based on an employment contract between plaintiff Alexander Kent and defendant Government of Guam. The contract, Exhibit 7, provided that the contract shall be effective November 23, 1974 for a period of one year. The position as Assistant Special Prosecutor and carried an annual salary of $27,040.00, increased to $35,000.00, Exhibit A. Count One demanded $6,732.00 for the contract period September 13, 1975 to November 23, 1975. Count Two demanded $3,768.22 for retroactive pay at the rate of $35,000.00 for the period November 23, 1974 to May 15, 1975. No evidence was presented by the plaintiff to justify the claim for retroactive pay. The plaintiff performed his duties from November 23, 1974 through September 12, 1975. On July 23, 1975, Public Law 13-53 became effective. This act pertinent part:

a. Abolished the Office of Independent Special Prosecutor and repealed Public Law 12-173, Section 4.

b. Appropriated funds for the Office of Independent Special Prosecutor for the period July 1, 1975 through September 12, 1975, Section 3.

Plaintiff was aware in late July, 1975 that he would not be paid after September 13, 1975. Plaintiff was not paid for that part of the contract period from September 13, 1975 to November 23, 1975, and on September 22, 1975, filed a claim under the Government of Guam Claims Act, §6500 et. seq., of the Government Code of Guam for payment under his contract for the period September 13, 1975 to November 23, 1975 and for retroactive pay.

On December 3, 1975, defendant by registered mail addressed to plaintiff notified him that his claim was denied. This denial of claim was received by plaintiff on December 8, 1975. Defendant failed to notify his attorney that the claim had been denied.

On December 30, 1975, counsel for plaintiff wrote to the Attorney General requesting what disposition, if any, had been made of the claim. On December 31, 1975, the Attorney General replied requesting a copy of the plaintiff's claim. Exhibit 14.

The Attorney General never notified counsel for plaintiff that the claim had been denied. Plaintiff performed no services under the contract and was not gainfully employed during the period of September 13, 1975 to November 23, 1975.

There is apparently no dispute between the parties as to the facts stated. However, three legal issues are contested as follows:

1. Is the defendant estopped to raise the defense of statute of limitations, §6500.21 of the Government Code of Guam, which provides as follows:

> Statute of limitations. Every action under §6500.11 shall be barred unless commenced within one (1) year from the date the claim was filed with the Attorney General under §6500.03, or within six (6) months from the date of notification of rejection of the claim under §6500.11, whichever is sooner. (Added by P.L. 3-78, effective June 29, 1956; Repealed and added by P.L. 9-175, effective March 14, 1968. Sections 6500.11, 6600.14, and 6500.18 were amended by P.L. 9-256, effective January 8, 1969.)

2. Is plaintiff's claim based on an invalid contract?

3. Is plaintiff's claim barred because of his failure to mitigate damages?

ESTOPPEL TO RAISE STATUTE OF LIMITATION: The plaintiffs suit filed on September 17, 1976 is barred by the statute of limitations, quoted above, unless it can be found that the defendant is estopped from raising the defense. Estoppel can be found either by intent (fraud) or negligence. 18 Cal.Jur.2d, Estoppel, Sections 10 and 11. There is no evidence that the Government of Guam intended to mislead the plaintiff's attorney. Counsel for plaintiff wrote to the Attorney General on December 30, 1975 requesting that he be advised of the disposition of plaintiff's claim. The Attorney General replied on December 31, 1975 requesting a copy of the claim which had not been enclosed with the letter. The Attorney General failed to respond concerning the disposition of the claim stating that the claim was still under consideration. Plaintiff claims that this failure by defendant estops the defendant from raising the statute of limitations. We will assume that defendant was negligent in failing to respond to the written request of plaintiff's attorney. We must then examine the conduct of

91

plaintiff and his attorney to see whether such conduct will permit the defense of estoppel.

1. Plaintiff's attorney made only one written request and failed to make an additional written request after a suitable time had elapsed. It is suggested that normal procedure in both business and professions would be a follow-up written request.

2. Plaintiff had actual knowledge of the denial of the claim on December 8, 1975 when he received written notification of denial but he never so advised his attorney or forwarded to him the letter of denial of the claim. This is difficult to understand since plaintiff is himself an attorney and should realize that it is essential that a client provide his attorney with all relevant information and documents.

The negligence of the plaintiff and his counsel will not permit plaintiff to raise the doctrine of estoppel. 28 Am.Jur. 2d, Estoppel and Waiver, Section 80, pp. 720-723. It is essential that the party asserting the estoppel must have been ignorant of the true state of facts. 18 Cal.Jur.2d, Estoppel, Section 9.

Not commented on by counsel for defendant is the rule that when, as here, a statute creates a cause of action when none existed before, and prescribes a limitation of time for bringing suit, the right of action is conditioned on its enforcement within the prescribed period and the defendant may not be estopped from setting up the limitation. 51 Am.Jur. 2d, Limitation of Action, §435, p. 902. Although this rule is not uniformly followed in some recent cases, the Court feels that it should be followed:

1. Where there is absent intentional, misrepresentations by the defendant, and

2. Where the plaintiff is himself negligent.

The Court has, as noted above, found that defendant made no intentional misrepresentations and plaintiff was himself negligent.

The Court concludes that defendant is not estopped from raising the defense of statute of limitations.

CLAIM BASED ON INVALID CONTRACT: The Supreme Court of Guam held that the creation of the Office of Special Prosecutor was invalid because it violated the separation of powers provisions of the Organic Act. Territory of Guam v. Camacho, et. al., [1 Guam R. 501] Criminal Case Nos. 37F-75 through 47F-75. A contract cannot be predicated on such a statute and the legislature cannot bind the state by a statute which it has no power to enact. 17 Am.Jur.2d, Contracts, §165. Where a contract is entered into pursuant to such a

92

statute it is void and not subject to the prohibition against impairment of contracts set forth in 48 U.S. C.A., §1421b(j).

Because the contract under which Mr. Kent claims a right to compensation was entered into under authority of a law which was contrary to the Organic Act and unenforceable, his claim is unenforceable and must be denied.

The decision of the Supreme Court of the United States in the Territory of Guam v. Olsen, 431 U.S.1975, 52 L.Ed. 2d 250 (1977) did not render void the judgment in Camacho. The decision in Olsen decided that the transfer by the Guam Legislature of the District Court's appellate jurisdiction to the Supreme Court of Guam was invalid. The decision did not invalidate the creation of the Court itself or any original jurisdiction assigned to it. See Section 16(a) of Public Law 12-173. Camacho was clearly a case of original jurisdiction brought under Section 16(a) of Public Law 12-173 and thus is not effected by Olsen.

Plaintiff claims that he was a public employee and not a public officer and that termination of his employment before the expiration of his one year contract by Public Law 13-153 violated the prohibition against impairment of contracts contained in the Organic Act of Guam, 48 U.S.C.A. 1421(b)(j). Although his original appointment was as Assistant Special Prosecutor, he changed his position to that of a public officer. The last paragraph of his appointment as Special Prosecutor (Exhibit A) reads as follows:

> Your term of office shall conform with the provisions of Section 11, Public Law 12-173, or as may be otherwise provided by law." Emphasis supplied.

MITIGATION OF DAMAGES: Answers to interrogatories, Exhibit 6, Nos. 2, 3 and 4, indicate:

1. That plaintiff made no serious attempt to obtain any other professional employment,

2. That such employment was reasonably available at least on Guam, and

3. That plaintiff's sole interest at the time of termination was his further formal education in the law.

> ". . . The commonest example is an employment contract. An employee wrongfully discharged cannot sit idle for the balance of his term and recover the full salary promised. If other employment of a similar kind is available to him in the same locality he must exercise diligence in an effort to procure it, and so utilize the time left on his hands. If he fails to do so, that part of the loss of use of his time results from his own failure to act reasonably, and not

93

from the defendant's breach. . ." <u>Simpson</u> <u>on</u> <u>Contracts</u>, 2nd Ed., §199, p. 403.

The foregoing shall constitute the Court's findings of facts and conclusion of law.

Judgment shall be for defendant.